J-S72026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL K. ALFORD | : | |
| | : | |
| Appellant | : | No. 837 MDA 2018 |

Appeal from the Judgment of Sentence April 25, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001703-2015

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.:                          **FILED MARCH 11, 2019**

Appellant, Carl K. Alford, appeals from the judgment of sentence entered on April 25, 2018, in the Court of Common Pleas of Lycoming County. Appellant's counsel has filed a petition seeking to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  Appellant has not filed a response to counsel's petition.  After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the procedural history of this case as follows:

> On April 19, 2016, [Appellant] pled guilty to Count 5, burglary, a felony of the second degree,[1] and was sentenced to serve 11 to 23 months' incarceration in the Lycoming Count[y] Prison followed by 13 months' probation.  Due to receiving approximately 5 months' credit for time served, [Appellant] was

paroled on October 14, 2016 at the expiration of his minimum sentence.

¹ 18 Pa.C.S. § 3502(a)(4).

On December 2, 2016, the court issued a bench warrant for [Appellant's] arrest because he absconded from supervision.

On January 12, 2017, upon stipulation of the parties, the court found probable cause to believe [Appellant] violated the conditions of his parole and probation by not reporting as directed, leaving his approved address and not providing his adult probation officer with a new address, failing to attend the Re-Entry Services Program and being discharged from the Program, giving positive urines, admitting to ingesting heroin, and necessitating the issuance of a bench warrant. [Appellant] was released on unsecured bail pending the final hearing, but subject to the condition that he obtain an approved address, undergo a drug and alcohol assessment and follow any and all recommendations, and that he re-enroll in and successfully complete the Re-[E]ntry Services Program.

A final parole violation hearing was held on March 2, 2017. The court found that [Appellant] violated his parole, and it sentenced him to serve a four-month setback at the Lycoming County Prison. Once released from prison, [Appellant] was required to re-enroll in the Re-[E]ntry Services Program and follow up with any drug and alcohol treatment. [Appellant] was released from the Lycoming County Prison on or about June 7, 2017.

On October 13, 2017, the court issued a bench warrant because [Appellant] again absconded from supervision.

On November 2, 2017, the bench warrant was vacated. Based on [Appellant's] counseled admission, the court found that [Appellant] violated the conditions of his parole and probation by relapsing in September and October 2017. He had positive urine tests for opiates and THC in late September and early October and, when he was apprehended, he admitted using heroin. [Appellant] also absconded from supervision, was removed from the Re-[E]entry Program, was discharged from Crossroad Counseling, lost his employment, and was residing in a residence that was not approved.

On April 25, 2018, the court revoked [Appellant's] probation and re-sentenced him to 18 months to 4 years' incarceration in a state correctional institution, with a RRRI minimum of 13 ½ months. The court also gave [Appellant] credit for approximately 6 ½ months' time served.

On May 1, 2018, [Appellant] filed a motion to reconsider his probation violation sentence. [Appellant] asserted that his sentence was excessive and he had not committed a new crime since 2016. As at the hearing, [Appellant] requested "a county max out sentence" so he could return to New Jersey. The court summarily denied this motion on May 8, 2018.

[Appellant] filed a notice of appeal [on May 21, 2018]. The sole issue asserted by [Appellant[1]] is that the trial court abused its discretion by imposing an unduly harsh and manifestly excessive sentence.

Trial Court Opinion, 8/2/18, at 1-3.

Before we address questions raised on appeal, we must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* (internal citation omitted).

---

[1] Appellant filed his Pa.R.A.P. 1925(b) statement on July 9, 2018.

In this case, counsel has satisfied those directives. Within her petition to withdraw, counsel averred that she conducted a conscientious review of the record and concluded that the present appeal is wholly frivolous. Counsel asserts that she sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the brief. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

Counsel's brief is compliant with **Santiago**. It sets forth the procedural history of this case, outlines pertinent case authority, cites to the record, and refers to issues of arguable merit. **Anders** Brief at 7-14. Further, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. **Id.** at 8, 10, 12-13. Satisfied that counsel has met the technical requirements of **Anders** and **Santiago**, we proceed with our

independent review of the record and the issue presented on Appellant's behalf.

Appellant presents the following issue in his **Anders** Brief: "Whether the lower court abused its discretion by imposing a manifestly harsh and excessive sentence." **Anders** Brief at 6 (full capitalization omitted). Appellant's issue challenges the discretionary aspects of his sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." **Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. **Commonwealth v. W.H.M.**, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 708; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170. Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001).

Here, the first three requirements of the four-part test are met: Appellant filed a timely appeal; Appellant preserved the issue of imposition of an excessive sentence in his post-sentence motion; and Appellant included a statement raising this issue in his brief pursuant to Rule 2119(f). ***Moury***, 992 A.2d at 170. Therefore, we address whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the sentencing court.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886-887 (Pa. Super. 2008). Allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code. ***Commonwealth v. Hartle***, 894 A.2d 800, 805 (Pa. Super. 2006). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. *Id*.

In his Pa.R.A.P. 2119(f) statement, Appellant asserts that the trial court abused its discretion "by imposing a manifestly excessive sentence by

resentencing him to a period of incarceration of 18 months to 4 years at a state correctional facility." **Anders** Brief at 9. This Court has held that "[o]n appeal from a revocation proceeding, we find a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation." **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000). Because Appellant has presented a substantial question, we proceed with our analysis.

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. **Cartrette**, 83 A.3d at 1033–1034 (explaining that, notwithstanding prior decisions which stated our scope of review in revocation proceedings is limited to validity of proceedings and legality of sentence, this Court's scope of review on appeal from revocation sentencing can also include discretionary sentencing challenges). "[T]he revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Commonwealth v. MacGregor**, 912 A.2d 315, 317 (Pa. Super. 2006).

Additionally, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. **Commonwealth v. Fish**,

752 A.2d 921, 923 (Pa. Super. 2000); 42 Pa.C.S. § 9771(b). Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c)(1-3); *Fish*, 752 A.2d at 923.

Furthermore, because sentencing guidelines do not apply to sentences imposed following a revocation of probation, we are guided by the provisions of 42 Pa.C.S. § 9721, which state the general standards that a court is to apply in sentencing a defendant. *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006).

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation.

*Id.* In addition, in all cases where the court "resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721. Guided by these standards, we must determine whether

the court abused its discretion by imposing a "manifestly excessive" sentence that constitutes "too severe a punishment." **Ferguson**, 893 A.2d at 739. Moreover, this Court has explained that when the "sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.'" **Moury**, 992 A.2d at 171.

It is undisputed that Appellant repeatedly violated the terms of his probation by conduct indicating that it was likely that Appellant would commit additional crimes if he was not imprisoned.[2] As a result, the trial court had authority to resentence Appellant to total confinement pursuant to 42 Pa.C.S. § 9771(c)(2). Additionally, the court had authority to impose any sentence that was available to it at Appellant's original sentencing. Appellant's sentence following probation revocation of eighteen to forty-eight months of incarceration with credit for time served was within the purview of sentencing parameters available to the trial court when it initially sentenced him. **See** 18 Pa.C.S. § 1103 (providing maximum sentence of confinement of ten years for felony of the second degree). Thus, the trial court's resentencing of Appellant to a maximum of four years, providing credit for time served, was not an abuse of discretion.

---

[2] The sentencing court made this determination at the time of resentencing Appellant. Trial Court Opinion, 4/30/18, at 2.

The trial court provided the following reasons supporting its imposition of a sentence of total confinement following probation revocation:

> The [c]ourt has considered the gravity of [Appellant's] conduct to the extent it impacts on the life of the community, protecting the public, [Appellant's] rehabilitative needs, as well as [Appellant's] conduct and time spent serving supervision, including probation. While [Appellant] has committed continuing technical violations and no new charges, his conduct is such that as stated previously he is likely to commit other crimes, and the [c]ourt's best efforts at assisting [Appellant] in treating himself have failed miserably. While [Appellant] has shown respect, and has generally complied with the directives of the Adult Probation Office when he is not using, [Appellant] has not found the sufficient motivation, nor the tools to stop from using, and stop his antisocial conduct. Once [Appellant] starts using he spirals downhill very quickly. The longest period of time [Appellant] has been on supervision without picking up again has been approximately three (3) months, if not a shorter period of time. The first two (2) times [Appellant] violated he was only out a few months.

Trial Court Opinion, 4/30/18, at 2.

Thus, the trial court also considered the factors of 42 Pa.C.S. § 9721 in sentencing Appellant. Moreover, the trial court clearly stated on the record the factors that led it to impose the probation revocation sentence. Furthermore, because the sentencing court had the benefit of a PSI report, there is a presumption that the court was aware of Appellant's history and needs and weighed those factors in sentencing Appellant. N.T., 4/25/18, at 4-5; *Moury*, 992 A.2d at 171. Therefore, the sentence imposed by the trial court does not constitute an abuse of discretion, and we agree with counsel that Appellant's assertion that the sentence was unduly harsh and excessive is without merit.

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. ***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and affirm the judgment of sentence.

Petition of counsel to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2019